# NO. 12-22-00008-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRITTNEY NICOLELYNN HOLCOMB,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brittney Nicolelynn Holcomb appeals the trial court's order denying her motion to suppress evidence. In one issue, she argues that the officers who arrested her for driving while intoxicated with a child passenger did not have reasonable suspicion to detain her. We affirm.

## BACKGROUND

On February 26, 2020, Appellant was stopped by Palestine Police Officers Steven Stcyr and Aston Rodriguez for running a stop sign. Following a roadside investigation, they arrested Appellant for driving while intoxicated with a child passenger, a state jail felony.[1] Appellant was indicted for the offense on April 14, 2021. On July 14, Appellant filed a motion to suppress, arguing the officers did not have reasonable suspicion to detain her for running a stop sign.

At a hearing on her motion, the State called Stcyr and Rodriguez. Both testified they were on routine patrol in Palestine, Texas on February 26, 2020 when they stopped at a Kroger grocery store. On their way into the store, Rodriguez noticed Appellant and her child in the parking lot, trying to get into her minivan. After several minutes inside the store, Stcyr and Rodriguez left Kroger and observed Appellant finally leaving the store in her minivan.

---

[1] TEX. PENAL CODE ANN. § 12.35(a),(b) (West 2019); § 49.045 (a)(1)-(2), (b) (West 2011).

Rodriguez testified that he was concerned about the situation and decided they needed to follow the vehicle. As Appellant exited the parking lot, she approached a stop sign but failed to stop before the designated stop line. Appellant abruptly applied her brakes and stopped after her vehicle had already partially entered the intersecting road. Stcyr and Rodriguez both testified that Appellant drove past the designated stop line at the stop sign, in violation of the transportation code.[2] Stcyr's patrol camera footage captured the traffic violation and was played in open court.

Appellant cross examined Stcyr and Rodriguez about the wording they used in their police reports to describe the traffic violation. Stcyr wrote in his report that Appellant "almost" ran the stop sign, while Rodriguez wrote that Appellant "nearly" ran the stop sign. Stcyr explained that he understood the transportation code to require an operator of a vehicle to stop behind the designated stop line, and failure to do so is a traffic violation. Stcyr further explained that he should have used the language "failed to stop at designated place" in his report and that while Appellant did eventually stop, it was not at the designated place. Rodriguez similarly explained that Appellant failed to stop at the designated line and he used the word "nearly" because Appellant stopped her vehicle after the designated stopping place. At the conclusion of the hearing, the trial court denied Appellant's motion.

On December 13, Appellant pleaded "guilty" to the offense in exchange for the State's recommendation of community supervision. The trial court accepted Appellant's plea and sentenced her to two years confinement in a state jail facility, probated for five years. This appeal followed.

## MOTION TO SUPPRESS

In her sole issue, Appellant argues that the trial court abused its discretion by denying her motion to suppress evidence. Specifically, Appellant argues that Stcyr and Rodriguez did not give credible testimony at the hearing on the motion to suppress.

---

[2] *See* TEX. TRANSP. CODE ANN. § 544.010(c) (West 2011) ("An operator required to stop by this section shall stop before entering the crosswalk on the nearside of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway.").

**Standard of Review and Applicable Law**

A criminal defendant who alleges a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *Id.* The burden then shifts to the state to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672-73.

Reasonable suspicion exists if a law enforcement officer has specific articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably suspect that a particular person has engaged, is engaging, or soon will be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). In determining whether reasonable suspicion existed, courts analyze the objective facts surrounding the detention, not the officer's subjective reasons for it. *Garcia v. State*, 827 S.W.2d 937, 943-44 (Tex. Crim. App. 1992). The state need not show with absolute certainty that an offense occurred to show reasonable suspicion. *Garcia*, 43 S.W.3d at 530.

We apply a bifurcated standard of review when reviewing a trial court's ruling on a motion to suppress. *See* *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). Under this standard, we give almost complete deference to the trial court's determination of historical facts, especially if those determinations are based on an assessment of a witness's credibility and demeanor. *Id.* A trial judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted, as the trial judge observes firsthand the demeanor and appearance of a witness, as opposed to an appellate court, which can only read an impersonal record. *See* *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We give the same deference to the trial court with respect to its rulings in applying the law to the facts, and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of a witness's credibility and demeanor. *See Martinez*, 570 S.W.3d at 281; *see also* *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011) (the trial judge's determination of facts—if supported by the record—is afforded almost total deference when reviewing a suppression motion ruling). We therefore review those determinations for an abuse of discretion. *See* *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). However, for mixed questions of law and fact that do not turn on a witness's credibility or demeanor, as

3

well as for purely legal questions, we conduct a de novo review. *See Martinez*, 570 S.W.3d at 281; *see also Woodard*, 341 S.W.3d at 410 (questions of law and fact that do not turn on credibility or demeanor and purely legal questions are reviewed de novo).

The Fourth Amendment forbids unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). It is the State's burden to establish the existence of probable cause to justify a warrantless arrest or search. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).

## Discussion

Appellant acknowledges that the standard of review in this case requires us to give the trial court's determination of historical facts almost total deference but nonetheless argues that its ruling is still outside the zone of reasonable disagreement. In support of her argument, she points to the wording Stcyr and Rodriguez used in their reports. Specifically, she argues that Stcyr's use of the word "almost" and Rodriguez's use of the word "nearly" to describe how Appellant ran the stop sign created a discrepancy which, according to Appellant, renders incredible Stcyr's and Rodriguez's testimony that Appellant violated Section 544.010(c) by not stopping at the designated stop line. *See* TEX. TRANSP. CODE ANN. § 544.010(c) (West 2011).

However, as discussed above, Stcyr and Rodriguez each explained their reasoning for the wording used in their reports. The trial judge had the opportunity to observe Stcyr and Rodriguez and assess their credibility and demeanor. *See Martinez*, 570 S.W.3d at 281. Moreover, the video footage captured on Stcyr's patrol footage supports Stcyr's and Rodriguez's testimony that Appellant failed to stop at the designated stop line. We are required to give almost total deference to the trial judge's findings of fact, and when, as here, the trial court does not make explicit findings of fact, we infer the necessary factual findings that support the trial court's ruling if the record evidence (viewed in the light most favorable to the ruling) supports these implied fact findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). Viewing the totality of the circumstances in the light most favorable to the trial court's ruling, we hold the that the trial court did not err in concluding that Stcyr and Rodriguez had reasonable suspicion to detain Appellant. *See Amador*, 221 S.W.3d at 672. Therefore, we overrule Appellant's sole issue.

4

## **DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2022

NO. 12-22-00008-CR

**BRITTNEY NICOLELYNN HOLCOMB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-21-34993)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice..
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*